[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**November 25, 2005**
**THOMAS  K. KAHN**
**CLERK**

_____

No. 05-11730
Non-Argument Calendar

_____

D. C. Docket No. 04-00057-CR-5-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIMBERLY M. SKIDMORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(November 25, 2005)**

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Kimberly M. Skidmore appeals her 3 concurrent 60-month sentences,

imposed after a guilty plea, for theft of mail matter, possession of stolen mail matter, and fraud in connection with a counterfeit access device, 18 U.S.C. §§ 1029(a)(1), 1702, 1708. On appeal, Skidmore argues that her sentences are unreasonable and that the retroactive application of United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), resulting in a sentence above the Guideline range under the mandatory system in effect when she committed her crimes, violates her due process rights.

Once the district court has accurately calculated the guidelines range, it "may impose a more severe or more lenient sentence" that we review for reasonableness. United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005) (citing Booker, 543 U.S. at ___, 125 S.Ct. at 767). Our reasonableness inquiry is guided by the factors outlined in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). "These factors include the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." Id.

In this case, the district court considered, among other things, Skidmore's lengthy criminal history, the goals of deterrence and protection of the public. It

cannot be said that under the facts of this case, Skidmore's sentences were unreasonable.

Skidmore raised no objection in the district court that her sentences violated her due process rights. Therefore, we review the due process issue for plain error. United States v. Shelton, 400 F.3d 1325, 1328-29 (11th Cir. 2005). Under this standard, we must find an error that is plain and that affects substantial rights. Id.

A retroactive application of Justice Breyer's Booker opinion to an appeal on direct review results in the treatment of the guidelines as "effectively advisory." United States v. Duncan, 400 F.3d 1297, 1303 (11th Cir.), cert. denied,126 S.Ct. 432 (U.S. 2005) (citing Booker, 125 S.Ct. at 757) (quotation omitted). Under an advisory system, the top ranges of the Guidelines are no longer binding and the only applicable maximum is the one in the United States Code. Id.

Duncan argued that the retroactive application of Justice Breyer's Booker opinion violated the Due Process Clause because it increased the sentence authorized by the jury's verdict to a maximum of life. Id. at 1306-07. We held:

> At the time Duncan committed his offense, 1999-2002, the U.S. Code informed Duncan that if a jury convicted him of possessing at least 5 kilograms of cocaine powder, he was subject to a sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(ii)(I). The Guidelines at the time also informed Duncan that a judge would engage in fact-finding to determine his sentence and could impose up to a sentence of life imprisonment. 18 U.S.C. § 3551 et seq. Duncan, therefore, had ample warning at the time he committed his crime that

3

> life imprisonment was a potential consequence of his actions.
> Applying the principles announced in <u>Rogers</u> [<u>Rogers v. Tennessee</u>,
> 532 U.S. 451, 468, 121 S.Ct. 1693, 1703, 149 L.Ed.2d 697 (2001)],
> Duncan's due process rights cannot be said to have been violated.

<u>Id.</u> at 1307. We further recognized, "Although mandatory Guidelines were in place [at the time Duncan committed the crime], the law of this Circuit then recognized the U.S. Code as the source of the maximum sentence." <u>Id.</u> at 1308.

At the time Skidmore committed the crimes, fraud in connection with counterfeit access device, 18 U.S.C. § 1029(a)(1), carried a maximum penalty of ten years' imprisonment. 18 U.S.C. § 1029(c)(1)(A)(i). Principal of theft to mail matter and principal to possession to stolen mail matter, 18 U.S.C. § 1708, each carried maximum penalties of five years. 18 U.S.C. § 1708. The Guidelines in effect at that time also provided grounds for upward departures. Accordingly, at the time she committed the crimes, Skidmore had ample warning that she could receive a 60-month sentence for any of these three crimes.

**AFFIRMED.**